Nov. Term,
1837.

GRIFFITH
v.
FISCHLI.

---

GRIFFITH, Administrator, *v.* FISCHLI.

A plea professing to answer the whole declaration, but only answering a part, is bad on general demurrer.

In a suit by an administrator *de bonis non* against a debtor of the original intestate, the declaration must state the name of the previous administrator, and aver that the money had not been paid to him, nor to the original intestate, nor to the plaintiff.

ERROR to the *Jackson* Probate Court.

SULLIVAN, J.—Debt by *Griffith*, administrator *de bonis non* of *M. G. C. Wood*, against *Fischli*, on two records of judgments rendered by a justice of the peace against *Fischli*. After setting out the records, the declaration avers, "that on the —— day of —— in the year —— at said county, the said *Wood* died intestate, leaving estate whereof administration *de bonis non*, afterwards, to wit, on the —— day of —— at said county, was granted to the said *Griffith*, &c. Nevertheless the said *Fischli* did not, &c., but hitherto has wholly failed, neglected, and refused, to pay the said several sums of money either to the said *Wood* in his life-time, or to the said *Griffith*, administrator as aforesaid, at any time since, &c." The defendant filed a plea professing to answer the whole

Saturday,
December 9.

Nov. Term, 1837.

GRIFFITH
v.
FISCHLI.

declaration, but leaving unanswered a material part of it. The plaintiff replied to the plea, and the defendant demurred to the replication. Issue having been made on the demurrer, the Court decided that the demurrer to, the replication was well taken, and final judgment was rendered against the plaintiff.

It is not now necessary to determine, whether the replication be good or bad. The plea, because in its commencement it professes to answer more than it afterwards answers, and leaves a material part of the declaration unanswered, is defective. 1 Ch. Plead. 509, 510.—6 Johns. 63.—1 Blackf. 99 (1). The demurrer, however; requires us to look into all the pleadings filed in the cause, and to give judgment against the party whose pleading was first defective in substance.

The declaration in this record is substantially defective. The plaintiff sues as administrator *de bonis non*. An administrator *de bonis non* is one to whom administration afresh of the goods of a deceased person, not administered by a former executor or administrator, has been committed. The declaration omits to state who the executor or administrator of *Wood* was, to whom the present plaintiff is successor, and omits to aver that the defendant did not pay the amount sued for, nor any part thereof, to said executor or administrator. It avers that the defendant did not pay the sums of money sued for, either to said *Wood* in his life-time, or to said *Griffith* at any time since. This may be true, and yet the defendant may have paid the debt to a person authorised by law to receive it, that is, to the predecessor of *Griffith* in the administration of *Wood's* estate.

The total omission of a breach, or the defective statement of it; so that thereby the contract does not appear to have been broken, is bad on general demurrer. It would, it seems, be bad after verdict. *Vide* Hobart, 198, 233.—1 Sid. 440. *Lunn* v. *Payne*, 6 Taunt. 140.—*Sicklemore* v. *Thissleton*, 6 Maule & Selw. 9.—7 Price, 550.

*Per Curiam.*—The judgment is affirmed. To be certified, &c.

*A. C. Griffith*, for the plaintiff.

*H. P. Thornton*, for the defendant.

(1) If a plea, professing to answer the whole declaration, in truth answers only a part, the plaintiff cannot sign judgment for the part unanswered, but

must demur.  A judgment signed, in such case, will be set aside on motion for  Nov. Term,
irregularity.  *Wood* v. *Farr*, Law and Eq. Rep. for 1839, p. 141.  *Vide* also  **1837.**
*Weeks* v. *Peach*, 1 Salk. 179.—*Truscott* v. *Carpenter*, 1 Ld. Raym. 231.  For the ————————
practice, when the plea professes to answer only a part, and only answers    BROWN
such part, *vide* the cases *supra*.  Steph. on Pl. 216, 217.                   v.
                                                                             TRULOCK.